UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 24-CV-02338 (RER)

———————————

HAIYAN CHU

versus

ALEJANDRO MAYORKAS, UR M. JADDOU, AND ANDREA QUARANTILLO

———————————

**MEMORANDUM & ORDER**

———————————

**RAMÓN E. REYES, JR., District Judge:**

Plaintiff seeks to compel defendants to schedule her asylum interview almost eight years after she submitted her asylum application. Before plaintiff filed this action, however, defendants notified her that an asylum interview was scheduled for September 26, 2023. Plaintiff failed to appear for the interview and is now in removal proceedings. Accordingly, defendants now move to dismiss the complaint. Plaintiff has not responded to defendants' motion. After carefully reviewing the complaint, defendants' motion, and the entire docket, the Court finds that the matter is moot and that it lacks subject matter jurisdiction over this case. The complaint is therefore dismissed.

**BACKGROUND**

Plaintiff HaiYan Chu ("Plaintiff"), a citizen of China living in New York, filed an I-589 application for asylum and withholding of removal on April 5, 2016. (Complaint, ECF No. 1 ("Compl.") at 2). Although defendant U.S. Citizenship and Immigration Services ("USCIS") (collectively with the other defendants, ("Defendants")), notified Plaintiff on August 23, 2023, of her asylum interview scheduled for September 26, 2023, Plaintiff

failed to appear. (ECF No. 10 ("Def. Resp.") at 1; ECF. 10-1 ("Interview Notice") at 2; ECF No. 10-2 ("Failure to Appear Notice") at 2). Nevertheless, between December 22, 2023, and February 14, 2024, Plaintiff made four follow up phone calls to the New York Aylum Office in Bethpage, New York to inquire about the status of an interview. (Compl. at 2). She alleges that prior to these phone calls, she received a reply from the New York Asylum Office on November 22, 2023, referencing a backlog and inability to provide an update on an interview.[1] (*Id.*) Plaintiff also alleges she sent written correspondence to the asylum office on March 28, 2024, and received no reply.[2]

On March 29, 2024, Plaintiff filed her complaint seeking a writ of mandamus directing USCIS to conduct her asylum interview. (*See generally* Compl.). Though Plaintiff represented to the Court that Defendants were properly served on Aprill 22, 2024, Defendants contended they were not properly served and only learned of this action through the Court's mailing of the complaint. (ECF No. 5; Order by Magistrate Judge Vera M. Scanlon dated 7/12/2024; ECF No. 7; Order by Magistrate Judge Vera M. Scanlon dated 9/30/2024). On July 12, 2024, USCIS noticed Plaintiff of her failure to appear at the scheduled interview and separately noticed her to appear for removal proceedings on August 21, 2024. (Def. Resp. at 1; Failure to Appear Notice at 2; ECF No. 10-3 ("Removal Proceeding Notice") at 1). On October 18, 2024, the Court entered an Order to Show Cause directing Defendants to show cause by December 17, 2024, why a writ of

---

[1] Although Plaintiff indicates that this letter is included at Exhibit B of her complaint, that exhibit only shows Plaintiff's call log, and the letter is not otherwise included in other exhibits.

[2] Similarly, Plaintiff indicates that this letter is included at Exhibit D of her complaint, but no such exhibit exists. Exhibit C contains only a copy of the mailing label for this letter, but not the letter itself.

2

mandamus should not be issued. (ECF No. 9). Defendants responded and requested dismissal, informing the Court that Plaintiff received notice of, but failed to appear for, an interview, and was accordingly placed in removal proceedings. (Def. Resp. at 1). On January 30, 2025, the Court ordered Plaintiff to respond to Defendants' request for dismissal by February 2, 2025. (Order dated 1/30/2025). That Order also informed Plaintiff that "failure to respond may result in the dismissal." (*Id.*) As of this Order's date, Plaintiff has not responded.

## **DISCUSSION**

The Mandamus Act authorizes a court to compel an agency to perform its peremptory duty. *Ye v. Kelly*, No. 17-CV-3010 (BMC), 2017 WL 2804932, at *1 (E.D.N.Y. June 28, 2017). A court may also compel an agency to act when it has "unlawfully withheld or unreasonably delayed adjudication." *Id.*; 5 U.S.C. 706(1). For a federal court to grant such relief, it must have jurisdiction over the case. *Fox v. Bd. of Tr. of State Univ. of N.Y.*, 42 F.3d 135, 139–40 (2d Cir. 1994) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) and *Liner v. Jafco, Inc.*, 375 U.S. 301, 306, n.3 (1964)). Where there is no active "case or controversy" as required by Article III of the Constitution, the matter is moot, and a district court lacks jurisdiction. *Lillbask ex rel. Mauclaire v. State of Conn. Dept. of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005) ("When the issues in dispute between the parties are no longer live, a case becomes moot, and the court—whether trial, appellate, or Supreme—loses jurisdiction over the suit, which therefore must be dismissed") (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *Russman v. Board of Educ.*, 260 F.3d 114, 118–19 (2d Cir. 2001)) (cleaned up). Further, when "it is impossible for a court to grant any effectual relief…to the prevailing party," the controversy is moot. *Tu v. Mayorkas*, No.

23-CV-3137 (PKC), 2024 WL 2111551, at *2 (E.D.N.Y. May 10, 2024) (quoting *Chevron Corp. v. Donzinger*, 833 F.3d 74, 124 (2d Cir. 2016)).

A mandamus action to compel an agency to perform "becomes moot when the official performs the act." *Sadiku v. Dep't of Homeland Sec.*, No. 20-CV-3241 (RPK), 2022 WL 173109, at *2 (E.D.N.Y. Jan. 18, 2022) (citing *Barrett v. United States*, 105 F.3d 793, 794–95 (2d Cir. 1996)). In this District, noticing a plaintiff of an interview for an immigration application routinely constitutes agency action that renders the case moot. *See, e.g., Long v. Garland*, No. 22-CV-6652 (EK), 2023 WL 6930674, at *1 (E.D.N.Y. Oct. 19, 2023); *Bian v. USCIS Office of the General Counsel*, No. 22-CV-04332 (HG), 2022 WL 4587742, at *1 (E.D.N.Y. Sept. 29, 2022); *Yusupov v. Mayorkas*, No. 21-CV-4066 (EK), 2021 WL 6105720, at *1 (E.D.N.Y. Dec. 23, 2021).

Here, USCIS acted by scheduling Plaintiff's asylum interview on September 26, 2023, and sending her notice thereof on August 23, 2023. (Def. Resp. at 1; Interview Notice at 2). The Court ordered Plaintiff to respond to Defendants' request for dismissal, but Plaintiff failed to do so. (Order dated 1/30/2025). Defendants have therefore provided the relief that Plaintiff sought and the maximum relief that she could have received. Plaintiff's claim is thus moot. *Ye*, 2017 WL 2804932, at *2.

Additionally, as USCIS has commenced removal proceedings against Plaintiff after her failure to appear for the asylum interview, this matter is now before an immigration court. Even if Plaintiff had requested relief form this Court on that matter, it lacks subject matter jurisdiction to adjudicate such a dispute. *Ajlani v. Chertoff*, 545 F.3d 229, 235 (2d Cir. 2008) (district court's authority to review adjudication of immigration applications is barred while removal proceedings are pending); *see also Mason v. United States*

*Citizenship and Immigration Services*, No. 23-CV-02129 (RER), 2025 WL 244278 (E.D.N.Y. Aug. 25, 2025) (citing *Ajlani; Baginski v. Wilkinson*, 516 F. Supp. 3d 234, 236–37 (E.D.N.Y. 2021)).

## **CONCLUSION**

For the reasons set forth above, the Court finds this matter is moot, and that it lacks subject matter jurisdiction over the complaint. Accordingly, the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

s/ Ramón E. Reyes, Jr.
_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: October 27, 2025
      Brooklyn, New York